**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| DYNACAP LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>APPLE INC., *et al.*<br><br>       *Defendant*. | Civil Action No. 1:25-cv-01768-ADA<br><br>JURY TRIAL DEMANDED |
| APPLE INC.,<br><br>       *Counterclaimant*,<br><br>v.<br><br>DYNACAP LLC,<br><br>       *Counter-defendant*. | |

**DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF DYNACAP LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple"), through its undersigned counsel, submits this Answer and Affirmative Defenses to Plaintiff DynaCap LLC's ("DynaCap") First Amended Complaint for Patent Infringement ("Complaint") (ECF No. 45), alleging infringement of U.S. Patent Nos. 6,813,138 (the "'138 Patent"); 6,969,912 (the "'912 Patent); and 7,035,082 (the "'082 Patent") (collectively, the "Asserted Patents"), as follows:

## ANSWER

Apple responds to the allegations contained in the numbered paragraphs of DynaCap's Complaint below. Apple denies all allegations and characterizations in the Complaint unless

expressly admitted in the following paragraphs.

## PARTIES

1.      Apple lacks information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint and on that basis denies them.

2.      Apple admits that it is a corporation organized and existing under the laws of the State of California. Apple further admits that it has offices located at 12545 Riata Vista Circle, Austin, Texas 78727 and 6900 W. Parmer Lane, Austin, Texas 78729. Apple further admits that it can be served through its registered agent, CT Corporation System, which has an address at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Apple admits that it is registered to do business in the State of Texas.  To the extent any factual allegations remain in Paragraph 2 of the Complaint, Apple denies them.

3.      Apple lacks information sufficient to admit or deny the allegations of Paragraph 3 of the Complaint, and on that basis denies them.

4.      Apple lacks information sufficient to admit or deny the allegations of Paragraph 4 of the Complaint, and on that basis denies them.

5.      Apple lacks information sufficient to admit or deny the allegations of Paragraph 5 of the Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

6.      Apple incorporates by reference and realleges its responses to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7.      Apple admits that the Complaint purports to set forth an action for patent infringement under 35 U.S.C. §§ 271, 281, 284, and 285, but denies that there are any factual or legal bases for DynaCap's claims or that DynaCap is entitled to any relief whatsoever from Apple

or this Court. Apple denies that it has infringed any claim of the Asserted Patents. The remaining allegations in Paragraph 7 of the Complaint contain legal conclusions that require no response. To the extent a response is required, Apple admits that this Court has subject-matter jurisdiction to hear claims arising under the patent laws of the United States. To the extent Paragraph 7 of the Complaint contains an allegation that DynaCap has standing sufficient to vest the Court with subject-matter jurisdiction to hear the claims in DynaCap's Complaint, Apple lacks information sufficient to admit or deny that allegation.

8.      Apple admits that it has conducted business within this District. Apple also admits that it has offices in this District. Apple denies that it has committed any acts of patent infringement in this District or elsewhere. The remaining allegations in Paragraph 8 of the Complaint contain legal conclusions that require no response. To the extent a response is required, Apple denies that 28 U.S.C. §§ 1391(b) or (c) provides authority relevant to the proper venue for an action for patent infringement.  Solely for the purposes of this action only, Apple does not contest at this time that venue over it properly lies in this District pursuant to 28 U.S.C. § 1400, but denies that venue in this District is convenient or in the interests of justice pursuant to 28 U.S.C. § 1404(a). To the extent any factual allegations remain in Paragraph 8 of the Complaint, Apple denies them.

9.      Apple admits that it has conducted business in this District, including by selling and offering for sale products within this District in the same nature and to the same extent as they are sold and offered for sale throughout the United States. Apple admits that various entities have filed lawsuits against it within the State of Texas, and in this Court, but denies that plaintiffs' choice of to where to initiate litigation against Apple is relevant to personal jurisdiction. Apple further states that many such lawsuits have been transferred to other jurisdictions under 28 U.S.C. § 1404(a). Apple denies that it has committed acts of infringement in this District or

elsewhere. To the extent a further response is required, Apple admits that it is subject to personal jurisdiction in this Court for the purposes of this action only, but denies that any factual or legal basis exists for any of DynaCap's claims against Apple in this action, or that DynaCap is entitled to any relief whatsoever from Apple or this Court. To the extent any additional factual allegations remain in Paragraph 9 of the Complaint, Apple denies them.

10.    Apple lacks information sufficient to admit or deny the allegations of Paragraph 10 of the Complaint, and on that basis denies them.

**APPLE**

11.    Apple admits that it has offices at 12545 Riata Vista Circle, Austin, Texas 78727; 6900 W. Parmer Lane, Austin, Texas 78729; and 320 S. Capital of Texas Highway, West Lake Hills, Texas 78746. Apple further admits it has retail stores at 3121 Palm Way, Austin, Texas 78758; 2901 S. Capital of Texas Highway, Austin, Texas 78746; 15900 La Cantera Parkway, San Antonio, Texas 78256; 7400 San Pedro Avenue, San Antonio, Texas 78216; and 8401 Gateway Boulevard West, El Paso, Texas 79925.

12.    Apple admits that it provided news releases at the website links https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/ (last visited March 12, 2026) and https://www.apple.com/newsroom/2018/12/apple-to-build-new-campus-in-austin-and-add-jobs-across-the-us/ (last visited March 12, 2026). The contents of these two news releases cited in Paragraph 12 of the Complaint speak for themselves.  To the extent any factual allegations remain in Paragraph 12 of the Complaint, Apple denies them.

13.    Apple admits that it has employees at its Austin campus. The remaining allegations in Paragraph 13 of the Complaint are too vague to be reasonably susceptible to a response. To the

extent a response to the remaining allegations of Paragraph 13 of the Complaint is nonetheless required, Apple denies them.

14.     DynaCap's Complaint appears to accuse certain Apple iPhones and iPads of infringing certain claims of certain patents. Based on Apple's understanding of DynaCap's allegations, Apple denies that it presently "develops, makes, uses, imports, offers for sale, or sells" the accused products in Texas or within the Western District of Texas.

15.     Apple admits that the link at https://jobs.apple.com/en-us/search provides postings for potential Apple job roles, at least some of which are or were advertised for locations including in Texas. Apple denies that the job postings "show" that Apple employs hardware engineers in Austin who work on iPhones or other projects or that the posted roles were filled in Texas or in any other location. Apple further notes that although a job posting may list Austin, Texas as a "work location," that same job posting may list simultaneous "work location[s]," including California. *See, e.g.,* https://jobs.apple.com/en-us/details/200631349-0240/product-design-engineer-ipad?team=HRDWR. To the extent Paragraph 15 of the Complaint contains additional allegations or contentions, Apple denies them.

16.     Apple states that it is not presently aware of any third-party witnesses located in Texas with knowledge relevant to what it understands DynaCap's allegations to be. To the extent Paragraph 16 is intended to allege the specific knowledge of unnamed individuals employed by Samsung Austin Semiconductor, Apple lacks information sufficient to admit or deny the allegations of Paragraph 16, and on that basis, denies them.

17.     Apple denies that 28 U.S.C. §§ 1391(b) or (c) provides authority relevant to the proper venue for an action for patent infringement. Solely for the purposes of this action only, Apple does not contest at this time that venue over it properly lies in this District pursuant to 28

U.S.C. § 1400, but denies that venue in this District is convenient or in the interests of justice pursuant to 28 U.S.C. § 1404(a). The remaining allegations in Paragraph 17 of the Complaint contain legal conclusions that require no response. To the extent a response is nonetheless required, and to the extent that Paragraph 17 purports to allege that any decision in *Carbyne Biometrics, LLC v. Apple Inc.* establishes that this District is a convenient venue for this case under 28 U.S.C. § 1404(a), Apple denies any such allegation. To the extent any factual allegations remain in Paragraph 17 of the Complaint, Apple denies them.

### STMICRO

18.    Apple lacks information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint and on that basis denies them.

19.    Apple lacks information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint and on that basis denies them.

### JOINDER

20.    Apple denies joinder of Apple and STMicroelectronics N.V., and STMicroelectronics Inc., (collectively, "STMicro") is proper under 35 U.S.C. § 299. Apple further denies the remaining allegations in Paragraph 20 of the Complaint.

21.    The allegations in Paragraph 21 are too vague and ambiguous to reasonably respond. To the extent a response is required, Apple denies them.

### FACTUAL BACKGROUND

### ASSERTED PATENTS

22.    Apple lacks information sufficient to admit or deny the allegations of Paragraph 22 of the Complaint and on that basis denies them.

23.     Apple admits that the '138 Patent is titled "Embedded Microelectronic Capacitor Equipped with Geometrically-Centered Electrodes and Method of Fabrication" and lists its filing date as April 30, 2003 and its issue date as November 2, 2004. Apple denies that the '138 Patent was issued duly or legally.

24.     Apple admits that the '912 Patent is titled "Embedded Microelectronic Capacitor Incorporating Ground Shielding Layers and Method for Fabrication" and lists its filing date as November 14, 2003 and its issue date as November 29, 2005. Apple denies that the '912 Patent was issued duly or legally.

25.     Apple admits that the '082 Patent is titled "Structure of Multi-Electrode Capacitor and Method for Manufacturing Process of the Same" and lists its foreign application priority date as January 16, 2004 to Taiwanese Application 93101289 A and its issue date as April 25, 2006. Apple denies that the '082 Patent was issued duly or legally. Apple lacks sufficient information at this time to admit or deny that the priority claim is legally proper and on that basis denies all such allegations.

26.     Apple admits the Asserted Patents have expired. The remaining allegations in Paragraph 26 of the Complaint contain legal conclusions that require no response.

27.     Apple lacks information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint and on that basis denies them.

**TECHNICAL OVERVIEW**

28.     Apple denies DynaCap's characterizations of the '138 Patent within Paragraph 28 but admits that the quotations "edge connection" and "an enlarged, cross-sectional view of a present invention single-port, dual layer embedded capacitor" appear in the specification of the '138 Patent. Apple further admits that the reproduced Figure 4B in Paragraph 28 of the Complaint

appears in the specification of the '138 Patent. Apple denies any remaining allegations in Paragraph 28 of the Complaint.

29.    Apple denies the characterizations of the '912 Patent within Paragraph 29 but admits that the quotations "undesirable parasitic effect produced in-between the embedded element," "ever-decreasing distances between the embedded elements," "incorporate[ing] ground shielding layers in the capacitor structure for maintaining signal integrity and reducing cross-talk," and "enlarged, cross-sectional views illustrating the present invention embedded microelectronic capacitor equipped with an upper ground shielding layer, a middle ground shielding layer and a bottom ground shielding layer" appear in the specification of the '912 Patent. Apple further admits that the reproduced Figure 5B in Paragraph 29 of the Complaint appears in the specification of the '912 Patent. Apple denies any remaining allegations in Paragraph 29 of the Complaint.

30.    Apple denies the characterizations of the '082 Patent within Paragraph 30 but admits that the quotations "edge-coupled effect from a plurality of metal laminates forming the multi-electrode capacitor to provide efficient capacitance in the limited-area within the PCB" and "is a schematic drawing of the multi-layer plates of the invention" appear in the specification of the '082 Patent. Apple further admits that the reproduced Figure 5D in Paragraph 30 of the Complaint appears in the specification of the '082 Patent. Apple denies any remaining allegations in Paragraph 30 of the Complaint, including any characterizations.

## APPLE'S ACTS

31.    Apple denies the allegations of Paragraph 31 of the Complaint.

**APPLE'S INFRINGEMENT OF THE '138 PATENT**

32.     Apple admits that Paragraph 32 of the Complaint accurately reproduces the text of claim 1 of the '138 Patent. Apple denies any remaining allegations in Paragraph 32 of the Complaint.

33.     Apple denies the allegations of Paragraph 33 of the Complaint.

34.     Apple denies the allegations of Paragraph 34 of the Complaint.

35.     Apple denies the allegations of Paragraph 35 of the Complaint.

36.     Apple denies the allegations of Paragraph 36 of the Complaint.

**APPLE'S INFRINGEMENT OF THE '912 PATENT**

37.     Apple admits that Paragraph 37 of the Complaint accurately reproduces the text of claim 1 of the '912 Patent. Apple denies any remaining allegations in Paragraph 37 of the Complaint.

38.     Apple denies the allegations of Paragraph 38 of the Complaint.

39.     Apple denies the allegations of Paragraph 39 of the Complaint.

40.     Apple denies the allegations of Paragraph 40 of the Complaint.

41.     Apple denies the allegations of Paragraph 41 of the Complaint.

**APPLE'S INFRINGEMENT OF THE '082 PATENT**

42.     Apple admits that Paragraph 42 of the Complaint accurately reproduces the text of claim 5 of the '082 Patent. Apple denies any remaining allegations in Paragraph 42 of the Complaint.

43.     Apple denies the allegations of Paragraph 43 of the Complaint.

44.     Apple denies the allegations of Paragraph 44 of the Complaint.

45.     Apple denies the allegations of Paragraph 45 of the Complaint.

**STMICRO'S ACTS**

46.     The allegations of Paragraph 46 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 46 of the Complaint, and on that basis denies them.

**STMICRO'S INFRINGEMENT OF THE '138 PATENT**

47.     The allegations of Paragraph 47 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 47 of the Complaint, and on that basis denies them.

48.     The allegations of Paragraph 48 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 48 of the Complaint, and on that basis denies them.

49.     The allegations of Paragraph 49 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 49 of the Complaint, and on that basis denies them.

50.     The allegations of Paragraph 50 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 50 of the Complaint, and on that basis denies them.

## STMICRO'S INFRINGEMENT OF THE '912 PATENT

51.     The allegations of Paragraph 51 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 51 of the Complaint, and on that basis denies them.

52.     The allegations of Paragraph 52 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 52 of the Complaint, and on that basis denies them.

53.     The allegations of Paragraph 53 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 53 of the Complaint, and on that basis denies them.

54.     The allegations of Paragraph 54 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 54 of the Complaint, and on that basis denies them.

## STMICRO'S INFRINGEMENT OF THE '082 PATENT

55.     The allegations of Paragraph 55 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 55 of the Complaint, and on that basis denies them.

56.     The allegations of Paragraph 56 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 56 of the Complaint, and on that basis denies them.

57.     The allegations of Paragraph 57 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 57 of the Complaint, and on that basis denies them.

58.     The allegations of Paragraph 58 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 58 of the Complaint, and on that basis denies them.

59.     The allegations of Paragraph 59 of the Complaint are not directed at Apple and, therefore, no response is necessary. To the extent a response is necessary, Apple lacks information sufficient to admit or deny the allegations of Paragraph 59 of the Complaint, and on that basis denies them.

## **PATENT INFRINGEMENT**

### **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,813,138**

60.     Apple incorporates by reference and realleges its responses to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     To the extent the allegations in Paragraph 61 of the Complaint are directed to Apple, Apple denies them. To the extent the allegations in Paragraph 61 of the Complaint are not directed to Apple, no response is necessary. To the extent a response is necessary to the allegations in

Paragraph 61 of the Complaint not directed to Apple, Apple lacks information sufficient to admit or deny such allegations, and on that basis denies them.

62.    To the extent the allegations in Paragraph 62 of the Complaint are directed to Apple, Apple denies them. To the extent the allegations in Paragraph 62 of the Complaint are not directed to Apple, no response is necessary. To the extent a response is necessary to the allegations in Paragraph 62 of the Complaint not directed to Apple, Apple lacks information sufficient to admit or deny such allegations, and on that basis denies them.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,969,912

63.    Apple incorporates by reference and realleges its responses to Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

64.    To the extent the allegations in Paragraph 64 of the Complaint are directed to Apple, Apple denies them. To the extent the allegations in Paragraph 64 of the Complaint are not directed to Apple, no response is necessary. To the extent a response is necessary to the allegations in Paragraph 64 of the Complaint not directed to Apple, Apple lacks information sufficient to admit or deny such allegations, and on that basis denies them.

65.    To the extent the allegations in Paragraph 65 of the Complaint are directed to Apple, Apple denies them. To the extent the allegations in Paragraph 65 of the Complaint are not directed to Apple, no response is necessary. To the extent a response is necessary to the allegations in Paragraph 65 of the Complaint not directed to Apple, Apple lacks information sufficient to admit or deny such allegations, and on that basis denies them.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,035,082

66.    Apple incorporates by reference and realleges its responses to Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.     To the extent the allegations in Paragraph 67 of the Complaint are directed to Apple, Apple denies them. To the extent the allegations in Paragraph 67 of the Complaint are not directed to Apple, no response is necessary. To the extent a response is necessary to the allegations in Paragraph 67 of the Complaint not directed to Apple, Apple lacks information sufficient to admit or deny such allegations, and on that basis denies them.

68.     To the extent the allegations in Paragraph 68 of the Complaint are directed to Apple, Apple denies them. To the extent the allegations in Paragraph 68 of the Complaint are not directed to Apple, no response is necessary. To the extent a response is necessary to the allegations in Paragraph 68 of the Complaint not directed to Apple, Apple lacks information sufficient to admit or deny such allegations, and on that basis denies them.

## JURY DEMAND

69.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury of all issues so triable.

## RESPONSE TO DYNACAP'S PRAYER FOR RELIEF

70.     To the extent that a response to DynaCap's Prayer for Relief is required, Apple denies that DynaCap is entitled to any form of relief whatsoever, whether in the form required in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Apple sets forth the following defenses to the claims in the Complaint. Apple undertakes the burden of proof only with respect to those defenses where that burden rests with Apple by law.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state facts sufficient to state any claim against Apple for which relief may be granted at least because the Complaint fails to plead facts sufficient to show infringement—whether direct or indirect and whether literal or under the doctrine of equivalents.

## SECOND DEFENSE – NON-INFRINGEMENT

Neither Apple nor any of its actions or products infringe any asserted claims of the '138, '912, or '082 Patents directly or indirectly, and whether literally or under the doctrine of equivalents.

## THIRD DEFENSE – INVALIDITY

Each asserted claim of the '138, '912, and '082 Patents is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE – LIMITATIONS ON DAMAGES AND OTHER RELIEF

DynaCap's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including, but not limited to, 35 U.S.C. §§ 286, 287, and 288.

## FIFTH DEFENSE – LACK OF STANDING

DynaCap has not proved that it has all substantial rights in the Asserted Patents, and absent such proof, DynaCap's claims against Apple are barred because DynaCap has not shown that it has standing to assert the Asserted Patents.

## <u>RESERVATION OF ALL AFFIRMATIVE DEFENSES</u>

As Apple continues to investigate the allegations set forth in the Complaint, Apple intends to rely on any additional defenses that are or become available upon further discovery in this action or for any other reason permitted by law. As such, Apple expressly reserves the right to amend its Answer and to assert such additional defenses and counterclaims as may be allowed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, this Court's Order Governing Proceedings, or as may otherwise be permitted by law.

## APPLE'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Apple Inc. ("Apple") hereby asserts the following Counterclaims to DynaCap, LLC's ("DynaCap") Complaint as follows:

### Nature of the Action

1.    These Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Apple does not infringe any valid and enforceable claim of U.S. Patent Nos. 6,813,138 (the "'138 Patent"); 6,969,912 (the "'912 Patent"); and 7,035,082 (the "'082 Patent") (collectively, the "Asserted Patents").

### Parties

2.    Apple is a corporation organized under the laws of the State of California.

3.    Based on Paragraph 1 of the Complaint, DynaCap is a Texas limited liability company. Upon information and belief, DynaCap has a place of business at 1501 S. Mopac Expy. STE 220 Austin, Texas 78746. Upon information and belief, DynaCap was formed on September 8, 2025. Upon information and belief, DynaCap's sole business is to attempt to license patents by filing lawsuits against companies like Apple. Upon information and belief, DynaCap has not hired employees in the Western District of Texas, has no engineers, and conducts no research and development in the district.

4.    Apple began selling iPhones and iPads long before DynaCap's formation, and Apple did not design any such products with input from DynaCap or Industrial Technology Research Institute ("ITRI").

### Jurisdiction and Venue

5.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. §§ 101 et

seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     Personal jurisdiction over DynaCap is proper because, *inter alia*, DynaCap has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district.

7.     Venue for these compulsory counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), to the extent venue in this district is proper and convenient.

## COUNT ONE

### Declaration of Non-Infringement of the '138 Patent

8.     Apple incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 7 of the Counterclaims above, inclusive.

9.     By virtue of DynaCap's filing of the Complaint herein, an actual controversy exists between Apple and DynaCap with respect to Apple's alleged infringement of the '138 Patent.

10.    Apple has not and does not infringe the '138 Patent, either directly or indirectly, literally, or under the doctrine of equivalents. For example, and without limitation, as properly construed, Apple or the systems provided by Apple to its customers do not practice the claims in the Asserted Patents. Based on Apple's current understanding of the allegations in the Complaint and DynaCap's interpretation of the claims, Apple does not infringe the '138 Patent because the accused products do not include at least "at least one lower electrode plate of said first polarity in electrical communication with said upper electrode plate through a via positioned through said center aperture of said middle electrode plate without shorting to said middle electrode plate," as required by claim 1.

11.    Apple is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of

the '138 Patent.

## COUNT TWO

### Declaration of Non-Infringement of the '912 Patent

12.     Apple incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 11 of the Counterclaims above, inclusive.

13.     By virtue of DynaCap's filing of the Complaint herein, an actual controversy exists between Apple and DynaCap with respect to Apple's alleged infringement of the '912 Patent.

14.     Apple has not and does not infringe the '912 Patent, either directly or indirectly, literally, or under the doctrine of equivalents. For example, and without limitation, as properly construed, Apple or the systems provided by Apple to its customers do not practice the claims in the Asserted Patents. Based on Apple's current understanding of the allegations in the Complaint and DynaCap's interpretation of the claims, Apple does not infringe the '912 Patent because the accused products do not include at least "an electrode plate positioned spaced-apart from said upper ground shielding layer having a via extending upwardly away from said electrode plate through said aperture in said upper ground shielding layer" as required by claim 1.

15.     Apple is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the '912 Patent.

## COUNT THREE

### Declaration of Non-Infringement of the '082 Patent

16.     Apple incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 15 of the Counterclaims above, inclusive.

17.    By virtue of DynaCap's filing of the Complaint herein, an actual controversy exists between Apple and DynaCap with respect to Apple's alleged infringement of the '082 Patent.

18.    Apple has not and does not infringe the '082 Patent, either directly or indirectly, literally, or under the doctrine of equivalents. For example, and without limitation, as properly construed, Apple or the systems provided by Apple to its customers do not practice the claims in the Asserted Patents. Based on Apple's current understanding of the allegations in the Complaint and DynaCap's interpretation of the claims, Apple does not infringe the '082 Patent because the accused products do not include at least "a plurality of conducting layers forming a plurality of multi-electrode plates separated by spaces" and "a plurality of vias connecting with said conducting layers and a plurality of surface-mounted devices" as required by claim 5.

19.    Apple is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the '082 Patent.

## JURY DEMAND

Apple demands trial by jury of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for the following judgment and relief against DynaCap on the Complaint:

A.    Dismissing, with prejudice, DynaCap's claims against Apple;

B.    Denying all relief that DynaCap seeks in its Complaint;

C.    A declaration that Apple has not infringed, either directly or indirectly, any valid claims of the Asserted Patents;

D.    An award to Apple of its costs of suit incurred herein;

E.    An order finding this an exceptional case under 35 U.S.C. § 285, and awarding

Apple its costs and fees in this action, including its reasonable attorneys' fees, and

prejudgment interest thereon; and

F.    Such other relief, in law or equity, as this Court deems just and proper.


Date: March 12, 2026                              Respectfully submitted,

                                                  By:   _/s/ Michael T. Pieja_____
                                                  Michael T. Pieja (*pro hac vice*)
                                                  Doug Winnard (*pro hac vice*)
                                                  Samuel E. Schoenburg (*pro hac vice*)
                                                  Xaviere N. Giroud (*pro hac vice*)
                                                  Madeline R. Thompson (*pro hac vice*)
                                                  Ethan Perbohner (*pro hac vice*)
                                                  Kurt A. Holtzman (*pro hac vice*)
                                                  GOLDMAN ISMAIL TOMASELLI
                                                     BRENNAN & BAUM LLP
                                                  191 N. Wacker Dr., Suite 3000
                                                  Chicago, IL 60606
                                                  Tel: (312) 681-6000
                                                  Fax: (312) 881-5191
                                                  mpieja@goldmanismail.com
                                                  dwinnard@goldmanismail.com
                                                  sschoenburg@goldmanismail.com
                                                  xgiroud@goldmanismail.com
                                                  mthompson@goldmanismail.com
                                                  eperbohner@goldmanismail.com
                                                  kholtzman@goldmanismail.com

                                                  Deron R. Dacus
                                                  Texas Bar No. 00790553
                                                  THE DACUS FIRM, P.C.
                                                  821 ESE Loop 323, Suite 430
                                                  Tyler, Texas 75701
                                                  903-705-1117 (phone & fax)
                                                  ddacus@dacusfirm.com

                                                  *Counsel for Defendant/Counterclaimant Apple Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 12, 2026.

*/s/ Michael T. Pieja*
Michael T. Pieja